UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                         Case No. 23-42939-tjt

**Adam Royce Bignell**                         Chapter 11 – Subchapter V

             Debtor.                           Hon. Thomas J. Tucker
_____/


### UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE

Andrew R. Vara, United States Trustee, states as follows:

1.      This Motion is brought under 11 U.S.C. § 1112(b) to convert this case. A proposed Order is attached.

**Background**

2.      The Debtor filed his Chapter 11 Subchapter V petition on March 30, 2023.

3.      Deborah Fish was appointed the Chapter 11 Subchapter V trustee (the "Subchapter V Trustee"[1]).

4.      In connection with his bankruptcy petition, the Debtor filed Schedules and a Statement of Financial Affairs (Docket #28) ("Schedules" and "SOFA").

---

[1] All capitalized terms in this objection shall have the meaning given herein, or as otherwise defined by the Debtor's Plan of Reorganization.

5.     Generally, the Debtor's assets include his family home, a rental home, an RV, a crypto currency account, cash, and vehicles.  These assets are subject to liens of various creditors.

6.     Prior to filing this case, the Debtor was engaged in business through a company he founded in 2011. Sahb Energy, LLC ("Sahb") provided site services to telecom providers (cell tower maintenance, service and upgrades.)

7.     Sahb's largest customer terminated its contract in 2022.   Sahb turned to merchant cash advances to stay afloat with the Debtor providing guarantees to these creditors.  In early 2023 Sahb ceased doing business.

8.     Additionally, the Debtor guaranteed a $2 million small business loan to Sahb.

9.     The Debtor also engaged in crypto currency transactions while running Sahb, which he claims grew to as much as $11 million, but the Debtor stated he lost about that much with the crash of the crypto currency markets in late 2022.

10.     According to Schedule E/F, the Debtor has several unsecured creditors with total claims exceeding $2.563 million.  Many of these debts are guaranties of Sahb's debts.

11.     The Debtor has been employed since the petition date, earning approximately $8,000 per month.  In addition to the income from his job, the Debtor

and his non-filing spouse rent out a home they own in Beverly Hills, Michigan, and they rent out an RV.

**The Plan**

12.    The Debtor filed a Plan of Reorganization on June 28, 2023. (Docket No. 48).

13.    The Plan generally provides for eight classes of claims.  The secured creditors are classified individually.  Those with liens on the Debtor's residence, rental property, RV and Honda Odyssey will retain their liens paid according to the respective contracts.  Franklin Capital Management, LLC, owed $1.38 million, and which has a lien on the Debtor's crypto account, is to be paid the value of that account – about $115,000 over 60 months.  The balance of Franklin Capital Management's claim is treated as a general unsecured creditor.  Tax claims are to be paid over 60 months at 3% interest.  General unsecured claims are to be paid a pro rata portion of the sum of $2,578,878.30 over 60 months.  This class includes the claim of the Small Business Administration of over $2 million for the Disaster Loan which the Debtor guaranteed.

14.    The Plan provides that distributions under the confirmed Plan will be made by the Debtor.

15.    The Debtor's Plan performance depends on the Debtor's ability to make income in at least the amount of $18,000 per month from his new business, Soltek!.

Soltek! is going to be in the business of selling and installing solar panels. It is the Debtor's intention to use income both from Soltek! and from real property and RV rentals to fund the plan.

16. The Debtor testified at the Section 341 First Meeting of Creditors about his plans to grow a solar business by partnering with various larger solar providers. The Debtor stated that he thought he would have his first sales or installation commission in May. As of the date of this Objection, no income from this enterprise is evident.

17. The projections attached to the Plan (Docket No. 48, Exhibit 2 (or Exhibit B per the terminology of the Plan) state that the Debtor is relying upon more than 50% of projected Soltek! revenue for funding the Plan payments.

18. The Debtor's Plan is not feasible. *See United States Trustee's Objection to Confirmation of Debtor's Chapter 11 Subchapter V Plan,* Docket No. 52.

19. Conversion of the case is in the best interests of creditors.

20. Further, the grounds for conversion include acts or omissions for which the Debtor should be held accountable.

**Conversion**

21. A chapter 11 bankruptcy shall be dismissed or converted under the provisions of 11 U.S.C. §1112(b)(1), for cause, whichever is in the best interest of creditors and the estate. Cause may include, among other things, a debtor's failure

to provide information reasonably requested by the United States Trustee.  11 U.S.C. § 1112(b)(4)(H.)

22.    Courts have discretion in determining what constitutes cause under Section 1112(b) and are not limited to the factors set forth in the statute.  *In re YBA Nineteen, LLC* 505 B.R. 289 (S.D. Cal. 2014).

23.    The 6th Circuit Bankruptcy Appellate Panel summarized a bankruptcy court's discretion in *In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51 (B.A.P. 6th Cir. 2013).

> In determining whether cause exists to dismiss a case under § 1112(b), a court must engage in a "case-specific" factual inquiry which "focus[es] on the circumstances of each debtor." *United Savs. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.),* 808 F.2d 363, 371–72 (5th Cir.1987) (en banc), *aff'd,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988); *In re Great Am. Pyramid Joint Venture,* 144 B.R. 780, 791 (Bankr.W.D.Tenn.1992). The party seeking dismissal carries the burden of proof and must satisfy that burden by a preponderance of the evidence. *See Loop Corp. v. U.S. Tr. (In re Loop Corp.),* 379 F.3d 511, 517–18 (8th Cir.2004) (citing *In re Woodbrook Assocs.,* 19 F.3d 312, 317 (7th Cir.1994)). A "bankruptcy court has broad discretion to dismiss a Chapter 11 case under 11 U.S.C. § 1112(b)." *AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.),* 213 F.3d 917, 920 (6th Cir.2000). "Accordingly, the decision to dismiss the case will be upheld unless it was an abuse of discretion, defined as 'a definite and clear conviction that the trial court committed a clear error of judgment.'" *Id.* (quoting *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir.1996)).

> *Id.* at 60.

24.     The Debtor has filed only one monthly operating report ("MOR") (Docket No. 40), on June 16, 2023 - two and a half months after the commencement of the case.

25.     The single MOR is meant to disclose the Debtor's financial activity from the date of filing through April 30, 2023. (the "April MOR.")

26.     The April MOR is woefully deficient.

    a. First, the report was submitted on a form which has embedded information and is not applicable in an individual case. The report shows total April 2023 household income of $5,671. There was a shortfall of over $3000, with no explanation as to how the shortfall was covered. The report showed cash on hand at the start date of the report, but no explanation of the source of those funds.

    b. The report did not show rental income from the residence on Westlady or from the RV for April, and did not contain an explanation for the absence of that income. The MOR also did not show payments to the secured creditors on either the Westlady house or the RV. There is no indication of any adequate protection payments being made to any creditor.

c. The April MOR contained a payment of $550 on account of a Ford F350. That vehicle is not listed in the Debtor's schedules, nor was the entity to whom the payment was made indicated in the report.

d. The April MOR included an attachment of household expenses with no dates, no details, and the expenses bear no resemblance to Schedule J.

e. The report also includes an attachment of April and May transactions from an unidentified bank account (except for what appears to be a full account number.) The account showed overdraft fees and a "foreign transaction" fee.

f. Page 2 of the Independent Bank statement is missing from the April MOR. The documents it does include are confusing.

g. There is no information about the Debtor's solar business.

27. The United States Trustee sought additional information and explanations about the report on June 21, 2023 by email to Debtor's counsel. The proffered clarifications in response were unsatisfactory.

28. The Debtor filed an Amended April MOR on July 21, 2023. Some of the information has been modified and the Debtor explained he is receiving gifts from his father-in-law to make the mortgage payment on the primary residence.

7

There is still a shortfall of over $3,000 in terms of the Debtor's income needed to support the Plan.

29.     The Debtor has not filed any additional MORs, including reports due for the months of May and June.  This case has been pending for 12 weeks without any accurate disclosures of the Debtor's post-petition financial activity, aside from a $3,000 shortfall.

30.     The allegations of this Motion constitute cause under 11 U.S.C. §1112(b)(1) and (b)(4)(H) for conversion.

31.     Conversion is in the best interest of the estate because there are assets and potential Chapter 5 causes of action that may be administered for the benefit of creditors.

**WHEREFORE,** the United States Trustee requests that this Court enter an order under 11 U.S.C. § 1112(b) converting this case.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By:     /s/ Leslie K. Berg
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-7950
Cell (202) 631-2903
Leslie.K.Berg@usdoj.gov

Dated:  July 23, 2023

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                    Case No. 23-42939-tjt

**Adam Royce Bignell**                    Chapter 11 – Subchapter V

    Debtor.                         Hon. Thomas J. Tucker

_____/

### ORDER CONVERTING CASE

**THIS MATTER** came before the Court upon the Motion of the U.S. Trustee to convert this case. Notice was properly served upon the Debtor and no response was timely filed or served upon the U.S. Trustee. The Court is otherwise fully advised in the premises,

**NOW, THEREFORE,**

**IT IS ORDERED** that the case is **CONVERTED** to Chapter 7, and that the Debtor, within 28 days, will file a final report and account including schedules of unpaid debts incurred, and executory contracts or leases and of property acquired, after the commencement of the Chapter 11 cases.

**IT IS FURTHER ORDERED** that within 14 days, the Debtor will file a supplemental matrix of the names and addresses of all creditors who became such only during the pendency of their Chapter 11 cases, if any.

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                             Case No. 23-42939-tjt

**Adam Royce Bignell**                             Chapter 11 – Subchapter V

      Debtor.                                   Hon. Thomas J. Tucker

_____/

### NOTICE OF MOTION TO CONVERT CASE

     The United States Trustee has filed papers with the court to convert this proceeding.

     <u>**Your rights may be affected.**</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.).

     If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 21 days**, you or your attorney must:

     1.     File with the court a written response or an answer, explaining your position at:[1]

          U.S. Bankruptcy Court
          211 West Fort Street, Suite 1700
          Detroit, MI 48226

     If you mail your response to the court for filing, you must   mail it early enough so the court will receive it on or before the date stated above.

     You must also mail a copy to:     Leslie Berg
                          Office of the United States Trustee
                          211 West Fort Street, Suite 700
                          Detroit, MI 48226

     2.     If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

     If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                          **ANDREW R. VARA**
                          **UNITED STATES TRUSTEE**
                          Regions 3 and 9

                 By     /s/ Leslie K. Berg
                          Trial Attorney
                          Office of the U.S. Trustee
                          211 West Fort St - Suite 700
                          Detroit, Michigan 48226
                          (313) 226-7950
                          Leslie.K.Berg@usdoj.gov

Dated: July 23, 2023

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

In re:
  Adam Royce Bignell,
        Debtor(s).

Case No.: 23-42939
 Chapter: 11

 Hon. Thomas J. Tucker

## <u>DECLARATION OF MAILING</u>

On July 23, 2023, I requested service of the document(s) described below ("Documents Served") by utilizing the services of BMC Group, Inc., an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office.  The service order requested that Documents Served be delivered to the party(s) listed and by mode(s) of service indicated on Exhibit A.  A separate certificate of service will be provided by BMC Group, Inc.

United States Trustee's Motion to Convert Case, Notice of Motion

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

July 23, 2023

/S/ Leslie K. Berg
Leslie K. Berg
211 West Fort Street
Suite 700
Detroit, Michigan 48226
Leslie.K.Berg@usdoj.gov
(313) 226-7950

**Exhibit A**
**Adam Royce Bignell 23-42939**

### Exhibit A – Declaration of Mailing

| List ID | Name and Address of Served Party | Mode of Service |
|---|---|---|
| 9960 | Adam Royce Bignell , 32550 Plumwood, Beverly Hills, MI, 48025-2722 | First Class |
| 9960 | American Express , 20500 Belshaw Ave, Carson, CA, 90746-3506 | First Class |
| 9960 | American Express , 20500 Belshaw Ave., Carson, CA, 90746-3506 | First Class |
| 9960 | American Express National Bank , c/o Becket and Lee LLP, PO Box 3001, Malvern, PA, 19355-0701 | First Class |
| 9960 | Anthony James Miller , 20700 Civic Center Drive, Suite 420, Southfield, MI, 48076-4140 | First Class |
| 9960 | Arsenal Funding , 700 South Rosemary Avenue, Suite 204-153, West Palm Beach, FL, 33401-6313 | First Class |
| 9960 | Bank of America , P.O. Box 15019, Wilmington, DE, 19850-5019 | First Class |
| 9960 | Bank of America, N.A. , PO Box 673033, Dallas, TX, 75267-3033, United States of America | First Class |
| 9960 | Bill Me Later, Inc., as serv. agt for WebBan, c/o Tamar Dolcourt, Foley & Lardner LLP, 500 Woodward Ave., #2700, Detroit, MI, 48226-3489 | First Class |
| 9960 | Capital One , P.O. Box 30285, Salt Lake City, UT, 84130-0285, United States of America | First Class |
| 9960 | Capital One N.A. , by American InfoSource as agent, PO Box 71083, Charlotte, NC, 28272-1083 | First Class |
| 9960 | Chase Auto Finance , 14025 Riveredge Drive, Ste. 170, Tampa, FL, 33637-2094 | First Class |
| 9960 | Deborah L. Fish , Allard & Fish P.C., 211 West Fort St., Detroit, MI, 48226-3263 | First Class |
| 9960 | First Merchants , 32991 Hamilton Court, Farmington, MI, 48334-3330 | First Class |
| 9960 | Forward Financing, LLC , 53 State Street, 20th Floor, Boston, MA, 02109-3204 | First Class |
| 9960 | Franklin Capital Managment, LLC , Wing Lake Capital Partners, 32300 Northwestern Hwy, Suite 215, Farmington, MI, 48334-1506 | First Class |
| 9960 | Independent Bank , c/o Henry L. Knier, Jr., P.O. Box 219, Bay City, MI, 48707-0219 | First Class |
| 9960 | Independent Bank , 230 W. Main St, Ionia, MI, 48846-1655 | First Class |
| 9960 | INTERNAL REVENUE SERVICE, CENTRALIZED INSOLVENCY OPERATIONS, PO BOX 7346, PHILADELPHIA, PA, 19101-7346 | First Class |
| 9960 | JPMORGAN CHASE BANK N A, BANKRUPTCY MAIL INTAKE TEAM, 700 KANSAS LANE FLOOR 01, MONROE, LA, 71203-4774 | First Class |
| 9960 | JPMORGAN CHASE BANK N A, BANKRUPTCY MAIL INTAKE TEAM, 700 KANSAS LANE FLOOR 01, MONROE, LA, 71203-4774 | First Class |
| 9960 | Kabbage Funding , PO Box 7901, Atlanta, GA, 30357 | First Class |
| 9960 | PAYPAL, 3505 SILVERSIDE RD, STE 200, WILMINGTON, DE, 19810-4905 | First Class |
| 9960 | Providence Equipment Finance , c/o Taft Stettinius & Hollister LLP, 27777 Franklin Road, Southfield, MI, 48034-8222 | First Class |
| 9960 | Providenc Equipment Finance , 1555 S. Ardmore Ave, Villa Park, IL, 60181-3407 | First Class |
| 9960 | Rocket Mortgage , 28596 Network Place, Chicago, IL, 60673-1285 | First Class |
| 9960 | Rocket Mortgage, LLC f/k/a Quicken Loans, LL, 635 Woodward Avenue, Detroit, MI, 48226-3408, United States of America | First Class |
| 9960 | Sahb Energy, LLC , 17195 W. 12 Mile Road, Southfield, MI, 48076-2104 | First Class |
| 9960 | Samantha Bignell , 32549 Westlady Drive, Beverly Hills, MI, 48025-2746 | First Class |
| 9960 | SBA , PO Box 740192, Atlanta, GA, 30374-0192 | First Class |
| 9960 | State of Michigan Department of Treasury , Cadillac Place, 3030 W. Grand Blvd., Detroit, MI, 48202-6030 | First Class |
| 9960 | Superfast Capital, LLC , 2 Gansevoor Street, 9th Floor, New York, NY, 10014-1667 | First Class |
| 9960 | Swift Financial LLC , PO Box 208703, Dallas, TX, 75320-8703 | First Class |
| 9960 | U.S. Small Business Administration , 477 Michigan Avenue, Suite 1819, DETROIT, MI, 48226-2526 | First Class |
| 9960 | Verizon , by American InfoSource as agent, PO Box 4457, Houston, TX, 77210-4457 | First Class |
| 9960 | Wells Fargo Bank, N.A. , PO Box 10438, MAC F8235-02F, Des Moines, IA, 50306-0438, United States of America | First Class |
| 9960 | Yuliy Osipov , Osipov Bigelman, P.C., 20700 Civic Center Drive, Ste. 420, Southfield, MI, 48076-4140 | First Class |