UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ADAM ROYCE BIGNELL                    Case No. 23-42939-tjt
                                                         Chapter 11
                                                         Judge Thomas J. Tucker
                      Debtor.
_____/

**ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION
ON A CONSENSUAL BASIS UNDER 11 U.S.C. § 1191(a)**

      This case is before the Court on the matter of confirmation of the Debtor's Subchapter V Plan of Reorganization (Docket # 48, the "Plan"). The Debtor seeks entry of this Order Confirming Debtor's Subchapter V Plan, with certain modifications. Due and appropriate notice under the circumstances having been given; all creditors and interested parties having had an opportunity to be heard; the Court having considered the Plan and the record in this Chapter 11 case to date; the Court having held a confirmation hearing by telephone on October 11, 2023, and for the reasons stated by the Court on the record during the hearing, and also based on the stipulation filed on October 13, 2023 (Docket # 98); the Court enters this Order.

      **IT IS ORDERED** as follows:

      This Order modifies the terms of the Plan, including provisions affecting holders of Class 8 General Unsecured claims. Promptly upon entry of this Order, the Debtor must mail a copy of this Order to all holders of Class 8 General Unsecured Claims and file a certificate of service evidencing same. If any holder of a Class 8 General Unsecured claim (excluding those who have stipulated to entry of this Order) objects to the terms of this Order, such creditor must file a written objection on

or before October 30, 2023.[1] If such an objection is timely filed, the Court may schedule a hearing to consider the objection. If no such objections are timely filed or if any timely filed objections are expressly overruled, then this Order will be deemed final, effective, and binding.

**THE COURT FINDS THAT**:

A. The Court has jurisdiction over this bankruptcy case (the "Bankruptcy Case") under 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409. The confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2).

B. On April 19, 2023, the Court entered an Order Establishing Deadlines and Procedures in the Case of a Small Business Debtor who has Elected to Have Subchapter V of Chapter 11 Apply (Docket # 21, the "Scheduling Order"), whereby the Court established certain deadlines related to the Plan and creditor voting.

C. The Debtor filed his Plan on June 28, 2023 (Docket # 48)

D. The Debtor is an individual who will fund the Plan with income generated from his employment and assistance from family members, as set forth in the Plan and herein.

E. The Debtor timely transmitted Ballots to claim holders in accordance with the Scheduling Order and Rule 3018 of the Federal Rules of Bankruptcy Procedure and served copies of the Plan and the Scheduling Order on all required parties.

F. The following parties (collectively, the "Objecting Parties") filed Objections to Confirmation of Debtor's Plan:

    a. United States Trustee ("UST") – Docket # 52;

---

[1] The Court finds cause, including avoiding any delay in the implementation of the Effective Date of the Plan, under Fed. R. Bankr. P. 9006(c)(1), to shorten the deadline set forth in Fed. R. Bankr. P. 2002(b) for objections to confirmation of this Chapter 11 Subchapter V Plan.

b. Bill Me Later, Inc., as servicing agent to WebBank ("Bill Me Later") – Docket # 62 (joining in UST's objection);

c. Franklin Capital Group, LLC, Franklin Capital Funding, LLC, and Franklin Capital Management, LLC (collectively, "Franklin") – Docket # 65;

d. United States of America, on behalf of the Internal Revenue Service and the Small Business Administration ("USA") – Docket # 74; and

e. Deborah Fish, Subchapter V Trustee (sometimes referred to in this Order as the "SubV Trustee") – Docket # 75 (joining UST's objection).

G. On August 4, 2023, the Debtor filed his Report on Tabulation of Votes Cast by Creditors on Debtor's Subchapter V Plan of Reorganization (Docket # 73, the "Voting Report").

H. As set forth in the Voting Report, Class 4 (secured creditors) voted to accept the Plan and Class 8 (general unsecured creditors) voted to reject the Plan. The only Class 8 creditor voting to reject the Plan was Bill Me Later.

I. Later, the Debtor and the Objecting Parties negotiated mutually acceptable resolutions to the Objecting Parties' objections, as set forth herein.

J. On October 11, 2023 the Court held a hearing to consider confirmation of the Plan. At the Confirmation Hearing, all parties with objections had an opportunity to be heard.

K. The Court has reviewed the Plan and finds that the Plan satisfies and complies with each of the elements necessary for confirmation on a consensual basis under § 1191(a) of the Bankruptcy Code.

L. All capitalized terms not defined herein have the meanings ascribed to them in the Plan.

**IT IS FURTHER ORDERED THAT**:

1. The Plan, including its terms, provisions and exhibits, which are incorporated herein by reference, is confirmed under § 1191(a) of the Bankruptcy Code, subject to the modifications set forth below. Where inconsistent, this Confirmation Order supersedes the Plan.

2. All objections to confirmation of the Plan have been withdrawn or resolved.

3. The modifications contained in this Confirmation Order constitute modifications allowed under 11 U.S.C. § 1193(a) as the Plan meets the requirements of 11 U.S.C. §§ 1122 and 1123 (with the allowed exception of subsection (a)(8) of § 1123). Under Fed. R. Bankr. P. 3019, the Plan will be deemed accepted by all Creditors and Interest Holders who have previously accepted the Plan, and it is not necessary for the Plan to be re-noticed to such Creditors.

4. In resolution of the objection filed by Bill Me Later (Docket # 62), the Plan is modified as follows:

 a. Bill Me Later will have an allowed general unsecured claim in the amount of $171,021.00 ("BML Allowed Unsecured Claim").

 b. The BML Allowed Unsecured Claim will be divided into a dischargeable portion and a non-dischargeable portion. $121,021.00 of the BML Unsecured Claim will be dischargeable in bankruptcy ("BML Dischargeable Claim"). $50,000.00 of the BML Unsecured Claim will be deemed non-dischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(4) and 523(a)(6) ("BML Nondischargeable Claim").

 c. Any payments paid to Bill Me Later under this Plan must be applied towards the payment of the BML Unsecured Claim such that 75% of any payment will be applied to the BML Nondischargeable Claim and 25% must be applied to BML Dischargeable Claim.

d. Notwithstanding any other provision of this Order or the Plan, the BML Nondischargeable Claim must be paid in full on or before the date that is 72 months after the Effective Date.

e. In the event this Case is dismissed or converted to a case under another chapter of the Bankruptcy Code, the Debtor must pay any remaining balance of the BML Nondischargeable Claim within 12 months of such dismissal or conversion. If the Case is dismissed, Bill Me Later retains all of its rights to pursue the unpaid portion of the BML Dischargeable Claim.

f. Subject to the modifications of the Plan contained herein, Bill Me Later's ballot rejecting the Plan is withdrawn. Bill Me Later accepts the Plan, as modified herein.

5. In resolution of the objection filed by Franklin (Docket # 65), the Plan is modified as follows:

a. Franklin will have an allowed secured claim ("Franklin Secured Claim") in the amount of $115,000.00 (secured by the Debtor's cryptocurrency holdings as of the Petition Date), which will be deemed non-dischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6).

b. Franklin will have an allowed general unsecured claim ("Franklin Unsecured Claim") in the amount of $760,000.00 which will be deemed non-dischargeable under 11 U.S.C. §§523(a)(2), 523(a)(4), and 523(a)(6).

c. The Debtor must pay the Franklin Secured Claim as described in the Plan.

d. In addition to the payments made as described in the Plan, the Debtor must cause the Franklin Unsecured Claim to be paid in 24 semiannual payments, with the first such payment due 6 months after the Effective Date:

    vii. Payments 1-10: $12,500.00

    viii. Payments 11-20: $17,500.00

    ix. Payments 21-24: $115,000.00

e. If, by the 6th anniversary of the Effective Date, the Debtor has paid the total amount of at least $775,000.00 to Franklin towards its combined claim (Franklin Secured Claim and Franklin Unsecured Claim), then any remaining outstanding balance of the Franklin Unsecured Claim will be discharged, and the Debtor will not be responsible to make any further payments to Franklin on account of the Franklin Secured Claim, the Franklin Unsecured Claim, any obligation of Sahb Energy, LLC, and/or any guarantees thereof.

f. All payments made toward the Franklin Unsecured Claim will be funded by Debtor's father (*see* Affidavit of Michael Bignell in Support of Plan, Docket # 92).

g. If the Debtor fails to make timely payment on the Franklin Secured Claim or the Franklin Unsecured Claim, as required herein, then Franklin may provide a notice of default, served upon Debtor's counsel by email and upon Debtor by first class mail, permitting 21 days from the service of the notice in which to cure the default in payment. If Debtor fails to cure the default in payment, then Franklin may submit an Order Granting Relief from Stay, or Order Granting Relief from Plan Injunction, as applicable, without hearing or notice. Upon the entry of such an Order, Franklin may then act

according to state law to collect the Franklin Secured Claim and/or the Franklin Unsecured Claim, less any payments received by Franklin under the Plan and this Order.

      h.      Upon entry of this Order, Franklin and the Debtor must stipulate to dismissal of Adversary Proceeding 23-04335-tjt, with prejudice and without costs.

      i.      Franklin will be deemed to have cast its Class 5 (secured) and Class 8 (unsecured) ballots accepting the Plan, as modified herein.

6.      In resolution of the objection (Docket # 74) filed by the United States, the Plan is modified as follows:

      a.      Section 2.3 of the Plan does not apply to the United States.

      b.      The Debtor must pay the IRS's priority claim, if any, in full, with 8% interest and in equal monthly amounts, beginning on November 30, 2023, and ending no later than March 30, 2028 (60 months after the petition date).

      c.      The Small Business Administration ("SBA") will have an allowed claim in the total amount of $2,105,287.00 ("SBA Total Claim"). The SBA Total Claim will accrue interest at a rate of 3.75% per annum.

      d.      The SBA Total Claim will be bifurcated and classified as an allowed secured claim ("SBA Secured Claim") in the amount of $100,000.00 (secured by the Debtor's non-exempt assets, as of the Petition Date, with the same validity, extent, and priority as existed as of the Petition Date).

      e.      Debtor must pay the SBA Secured Claim, in full, over a period of 5 years from the Effective Date, in monthly installments, due on the 15th of each month (or, if the 15th falls on a Saturday, Sunday, or federal holiday, the payment will be due on the following business day). The first such payment is due on December 15, 2023.

f. The remainder of the SBA Total Claim ($2,005,287.00) will be classified as an allowed general unsecured claim ("SBA Unsecured Claim") and will be treated and paid as a Class 8 General Unsecured Claim, as such class and treatment are described in the Plan and in this Order.

g. All payments made toward any portion of the SBA Secured and SBA Unsecured Claim must be made directly to the SBA, sent to the address for payments as stated on the Proof of Claim or, such other address as the SBA may notify Debtor of in writing with at least 30 days' notice. Payment for the SBA Secured Claim and for the SBA Unsecured Claim must be each made by separate remittance and the payment or accompanying documentation must clearly indicate which portion of the claim the payment is for and must clearly reference this bankruptcy case (by district and number)

h. Notwithstanding any other language in the Plan or this Order or any prior documents filed in this bankruptcy case the debt underlying the SBA Total Claim will be discharged only as soon as practicable after completion by the Debtor of all payments due under this Plan. To avoid any ambiguity, the SBA liens are retained until the SBA debt is discharged under the Plan.

i. For purposes of Section 3.2 of the Plan, the Debtor's "60-month yield, net of expenses" and which "will be paid to general unsecured creditors, on a pro-rata basis," is changed to $339,000.00 (calculated at $5,650.00 per month). For purposes of calculating the pro-rata share of general unsecured claims for payment, the unsecured claim of Franklin, because it is otherwise receiving payment as described above, will not be used in the computation.

j. As to the United States, if the Debtor fails to timely make any payment due on any administrative, secured, priority, or general unsecured claim of the United States, or if the Debtor fails to timely file any federal tax return (taking into account any timely granted requests for extension), which failure is not cured within 21 days of the mailing of a written notice of default by the United States to the Debtor, and to then current attorney for the Debtor, the United States may, through any of its agencies and without further order of this Court, exercise all rights and remedies applicable under non-bankruptcy law for the collection of all claims of the United States, in their entirety and with any interest or penalties then accrued, and/or the United States may seek appropriate relief from this Court.

k. During the life of the Plan, the Debtor may not incur any new debt with any agency, department, or other subdivision of the United States. Accrual of any new debt will be considered a default of this Plan for purposes of the preceding paragraph. The Debtor will have an opportunity to cure the alleged default within 21 days of the mailing of a written notice of default by the United States to the Debtor, and to then current attorney for the Debtor.

l. The objection to confirmation of the Plan by United States is withdrawn.

7. In resolution of the objections filed by the United States Trustee (Docket # 52) and the SubV Trustee (Docket # 75), the Plan is modified as follows:

a. The Reorganized Debtor must file post-confirmation operating reports in compliance with the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees until the entry of (a) a Final Decree

closing the Case or (b) an order dismissing or converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

  b. In the event of conversion of this case post-confirmation to a case under Chapter 7 of the Bankruptcy Code, all property that vested in the Debtor, Debtor-in-Possession, Reorganized Debtor, Liquidating Trustee or any Successor to the Debtor under the confirmed Plan or under 11 U.S.C. § 1141, or that was otherwise acquired post-confirmation, will become property of the Chapter 7 estate.

  c. The Debtor must timely file a Notice of Substantial Consummation in accordance with 11 U.S.C. § 1183(c)(2). To confirm the Notice of Substantial Consummation, the Debtor must serve the Subchapter V Trustee with copies of all checks distributed in the initial distribution to Classes requested by the Subchapter V Trustee. The Subchapter V Trustee will not file her Final Report until after receipt and confirmation of the initial distribution checks for any Classes she requests, to her satisfaction.

  d. This case will remain open until after (a) the Subchapter V Trustee files her Final Report and (b) the Court enters and Order terminating the Subchapter V Trustee's appointment.

  e. Debtor must promptly deposit $50,000.00 (part of the support funds pledged by the Debtor's family) into the client trust account of his counsel to be used for the first 6 months of plan payments and payment of administrative expenses.

8. As to the informal objection raised by Creditor First Merchant's Bank, the Plan is modified as follows:

a. The automatic stay will terminate as to creditor First Merchant's Bank and the real property located at 32559 Plumwood St., Beverly Hills, MI 48025, as of the entry date of the order confirming plan. If there is any default (pre or post confirmation) on the mortgage/note held by creditor, its successors and assigns, then creditor may proceed with its state law and contractual rights without further notice or court order.

9. In resolution of the informal objection asserted by the State of Michigan, Department of Treasury ("Treasury"), the Plan is modified as follows:

    a. Treasury must file a proof of claim within 60 days of receipt of Debtor's 2022 state tax return.

    b. Debtor must pay Treasury's priority claim in full, with 8% interest and in equal monthly amounts, over 60 months, commencing on the Effective Date.

    c. All payments to Treasury must be made payable to the "State of Michigan-CD" and mailed to: Department of Treasury/Revenue/AG, P.O. Box 30456, Lansing, MI 48909-7955.

    d. As to the Treasury, if the Debtor fails to timely make any payment due on Treasury's claim, or if the Debtor fails to timely file any state tax return (taking into account any timely granted requests for extension), which failure is not cured within 21 days of the mailing of a written notice of default by the Treasury to the Debtor, and to then current attorney for the Debtor, the Treasury may, through any of its agencies and without further order of this Court, exercise all rights and remedies applicable under non-bankruptcy law for the collection of all claims of the Treasury, in their entirety and with any interest or penalties then accrued, and/or the Treasury may seek appropriate relief from this Court.

e. Treasury is deemed to have cast its Class 7 priority ballot in favor of the Plan.

10. Unless directly and explicitly provided for by this Order, nothing in the Plan will be deemed to supersede or alter any prior Orders of this Court concerning the allowed amount or dischargeability of any Claim.

11. Subject to the time allowed for objections from holders of Class 8 General Unsecured claims set forth herein, no just reason exists for delay in the implementation of this Confirmation Order. Upon the later of the expiration of the deadline for any timely filed objections or the entry of an order overruling a timely filed objection, this Confirmation Order will be considered a final and appealable order under Federal Rules of Bankruptcy Procedure 7054(a) and 9014 and Federal Rule of Civil Procedure 54(b). This Court will reserve and retain jurisdiction to enforce the terms of the Confirmation Order or rule upon any disputes arising from this Confirmation Order.

**Signed on October 16, 2023**



/s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge